# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-01138-COA

**MAURICE P. GUSS A/K/A MAURICE PAUL**          **APPELLANT**
**GUSS A/K/A MAURICE GUSS**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

DATE OF JUDGMENT:       07/02/2018
TRIAL JUDGE:       HON. DAVID H. STRONG JR.
COURT FROM WHICH APPEALED:       LINCOLN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       OFFICE OF STATE PUBLIC DEFENDER
      BY: MOLLIE MARIE McMILLIN
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
      BY: LISA L. BLOUNT
DISTRICT ATTORNEY:       DEE BATES
NATURE OF THE CASE:       CRIMINAL - FELONY
DISPOSITION:       AFFIRMED IN PART; REVERSED AND
      REMANDED IN PART - 01/28/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., GREENLEE AND McDONALD, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1. A Lincoln County jury convicted Maurice Guss of possession of methamphetamine with intent to distribute and misdemeanor possession of marijuana. The trial judge sentenced Guss under the aggravated trafficking statute, Mississippi Code Annotated section 41-29-139(g) (Supp. 2014), to forty years in the custody of the Mississippi Department of Corrections, with ten years suspended and thirty years to serve, and placed Guss on five years of post-release supervision. Additionally, under the statute, the first twenty-five years of Guss's sentence are mandatory, without eligibility for parole or early release.

¶2. Guss appeals, claiming the evidence was insufficient and his sentence is illegal. The State concedes Guss's sentence is illegal, and we agree. Guss was indicted for possession of more than 200 grams of methamphetamine with intent to distribute in violation of the aggravated trafficking statute. The jury, however, was only instructed on intent to distribute thirty or more grams of methamphetamine; therefore, Guss was only convicted of possession of thirty or more grams with intent to distribute the drug. This difference in the amount of methamphetamine means he should now be sentenced under the more lenient "trafficking" section 41-29-139(f) instead of the "aggravated trafficking" section 41-29-139(g).

¶3. While we find sufficient evidence for Guss's conviction, his sentence was improper. Accordingly, we affirm his conviction, but we remand the case to the trial court for resentencing.

## STATEMENT OF FACTS

¶4. On June 2, 2016, United States Postal Inspector Dwayne Martin noticed a suspicious express-mail package that had arrived at the mail distribution center in Jackson, Mississippi. The package had been sent from a California address by Terrance Armond to Danielle Armond at a Brookhaven address. Martin testified California is a known "source state" for narcotics coming into Mississippi. Martin checked the names and addresses in a database used by the postal service and law enforcement to see if they matched, but they did not—Martin claimed the names were bogus.

¶5. Martin enlisted a K-9 drug-sniffing dog, who alerted on the package. Therefore, Martin contacted agents with the Mississippi Bureau of Narcotics (MBN), who arranged a

controlled delivery of the package at the intended address. The next morning, delivery was attempted, but nobody answered the door. Per normal practice, Martin left a pink notification form on the door. Later that day, a woman telephoned the post office about retrieving the package. Agents later determined the number was assigned to Sareshia Mackabee's place of employment. Mackabee was Guss's current girlfriend and rented the house where the package was addressed for delivery.

¶6. On June 3, 2016, Martin again organized a controlled delivery of the package. This time when Martin knocked, Guss answered the door. Martin told Guss the package was for Danielle Armond. Without saying anything, Guss accepted the package. Martin was wearing a Bluetooth earpiece and used the code phrase "have a nice day" to signal the agents positioned around the house. Guss closed the door, and the agents moved in toward the house. Soon after, Martin saw Guss run out the back of the house. Martin pursued him, yelling "police" and pulling his firearm from his ankle. Guss surrendered as agents swarmed the yard.

¶7. Office Jerry Steward, an MBN agent, secured the house. Nobody else was in the home. After executing a search warrant, officers found cocaine, a gun, marijuana, digital scales, and the unopened package that had just been delivered. Later, it was determined the package contained 412.52 grams of methamphetamine, 1.32 grams of marijuana, and .34 grams of cocaine. Crack cocaine was found in a safe in the master bedroom. Cocaine was found in a car rented by Mackabee. She later told law enforcement that Guss slept on the side of the bed where the scales, marijuana, and pistol were found on a night stand.

¶8.    The State was allowed to present evidence at trial, over the defense's objection, that Guss had formerly pleaded guilty to possession of marijuana with intent to distribute in 2013. Brookhaven narcotics agent Lisa Jackson testified that Guss was living with a different woman at that time. A search of that woman's house resulted in finding a scale with methamphetamine residue on it and marijuana.

## ANALYSIS

### I.    Sufficiency of the Evidence

¶9.    Guss claims the evidence was insufficient to show he had knowledge that the package he accepted from the United States Postal Service contained methamphetamine.

¶10.    "A directed verdict, judgment notwithstanding a verdict and a request for peremptory instruction all challenge the legal sufficiency of the evidence presented at trial." *Woods v. State*, 242 So. 3d 47, 54 (¶24) (Miss. 2018). "[T]he critical inquiry is whether the evidence shows beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]" *Swanagan v. State*, 229 So. 3d 698, 703 (¶18) (Miss. 2017) (quoting *Fagan v. State*, 171 So. 3d 496, 503 (¶36) (Miss. 2015)). The reviewing court "must accept as true all credible evidence consistent with guilt" and give the State "the benefit of all favorable inferences that may reasonably be drawn from the evidence." *Cowart v. State*, 178 So. 3d 651, 666 (¶41) (Miss. 2015) (quoting *Ginn v. State*, 860 So. 2d 675, 685 (¶31) (Miss. 2003)).

¶11.    "The two essential elements of drug possession are (1) knowledge and (2) possession." *Duncan v. State*, 240 So. 3d 519, 523 (¶20) (Miss. Ct. App. 2018) (quoting

4

*O'Donnell v. State*, 173 So. 3d 907, 916 (¶22) (Miss. Ct. App. 2015) (citing Miss. Code Ann. § 41-29-139(c))). "To support a conviction for possession of a controlled substance, 'there must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.'" *Glidden v. State*, 74 So. 3d 342, 345-46 (¶12) (Miss. 2011) (quoting *McClellan v. State*, 34 So. 3d 548, 553 (¶15) (Miss. 2010)). For constructive possession, the drug must be found near the defendant's person in a place where the defendant exercises dominion or control. *Id.* at 348 (¶20) (quoting *Hudson v. State*, 30 So. 2d 1199, 1203-04 (¶11) (Miss. 2010)).

¶12. Guss claims he had neither knowledge nor possession, claiming Mackabee was the person expecting the package, and there is no evidence he knew of the package's contents—he merely accepted the package. We disagree. A jury could find beyond a reasonable doubt that Guss was aware of the presence and character of the package of methamphetamine and intentionally and consciously possessed it. Guss accepted the package after Martin announced that it was for "Danielle Armand." Martin also testified that in the controlled deliveries he had made in the past, a person had never accepted a package with a bogus name on it unless it contained something illegal. Although Mackabee rented the house, Guss was the only person in the house when the package was delivered. As the State suggests, it could be inferred that Mackabee knew the package would be delivered that day, after having arranged delivery the day before with the post office.

¶13. Additionally, when Martin answered the MBN agents at the front door, Guss fled out

the back door and into a field of tall weeds. It is well established "that flight is admissible as evidence of consciousness of guilt." *Fuselier v. State*, 702 So. 2d 388, 390 (¶4) (Miss. 1997). The jury could have reasonably inferred that Guss's flight showed he knew illegal drugs were in the package.

¶14. Sufficient evidence to find intent to sell was shown by the digital scale on Guss's side of the bed and the large amount of methamphetamine in the package, as well as Guss's prior conviction for intent to sell marijuana. Agent Stewart testified the methamphetamine in the package was worth approximately $3,800. The State presented sufficient evidence for a jury to find beyond a reasonable doubt that Guss was aware the package contained drugs and intended to sell them.

## II. Sentence

¶15. Guss was indicted under the "aggravated trafficking" statute, section 41-29-139(g), for possession of 200 grams or more of methamphetamine with intent to distribute. The sentence for conviction under this statute spans twenty-five years to life in prison, with the first twenty-five years being mandatory. The trial court sentenced Guss under this statute. The jury, however, was only instructed to consider whether Guss was in possession of thirty or more grams of methamphetamine with intent to distribute, and this option was check marked on the court's verdict form. Accordingly, Guss was only convicted of "trafficking" under section 41-29-139(f). The sentence for this crime carries a term of not less than ten years nor over forty years, with the first ten years being mandatory.

¶16. The State concedes that because Guss was convicted for possession of thirty grams

or more of methamphetamine, he should have been sentenced for trafficking under section 41-29-139(f) and not aggravated trafficking under section 41-29-139(g). We agree. Accordingly, we affirm Guss's conviction, but we reverse and remand the case to the trial court for resentencing under the trafficking statute.

¶17. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**